# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1876V
UNPUBLISHED

| | |
|---|---|
| CAROLE WEEKS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Renee Ja Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On December 6, 2018, Carole Weeks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder/arm pain caused-in-fact by the influenza vaccination she received on August 9, 2017. Petition at 1, ¶¶ 2, 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her left shoulder injury. On May 22, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $76,027.97, representing $72,500.00 for her actual and projected[3] pain and suffering,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Proffer indicates that any amounts for projected pain and suffering have been reduced to net present value. Proffer at 1 (citing § 15 (a)(4)).

$2,625.05 for her actual unreimburseable expenses, and $902.92 for her future medical expenses.  Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>76,027.97</u>, representing $72,500.00 for her actual and projected pain and suffering, $2,625.05 for her actual unreimburseable expenses, and $902.92 for her future medical expenses in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| CAROL WEEKS, | ) ) ) | |
| Petitioner, | ) ) | No. 18-1876V |
| v. | ) ) | Chief Special Master Corcoran (ECF) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

**PROFFER ON AWARD OF COMPENSATION**

On January 21, 2020, respondent filed a Rule 4(c) Report, in which he conceded that petitioner sustained a Table left shoulder injury related to vaccine administration (SIRVA) from the flu vaccine administered on August 9, 2017; that the records show that the case was timely filed; that the vaccine was received in the United States; and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. ECF No. 36. That same day, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 37.

**I. Items of Compensation**

A. Pain and Suffering

Respondent proffers that the Court should award petitioner a lump sum of $72,500.00 for her actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Respondent proffers that the Court should award petitioner a lump sum of $2,625.05 for past unreimbursable expenses, as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

C.  Future Medical Expenses

Respondent proffers that the Court should award petitioner a lump sum of $902.92 in future medical care expenses.  This amount reflects that the award for future medical care expenses has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

## II.  Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $76,027.97, in the form of a check payable to petitioner, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering and future medical expenses.

Case 1:18-vv-01876-UNJ   Document 48   Filed 06/29/20   Page 5 of 5

...

                    ALEXIS B. BABCOCK
                    Assistant Director
                    Torts Branch, Civil Division

                    s/  Claudia B. Gangi
                    CLAUDIA B. GANGI
                    Senior Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Benjamin Franklin Station
                    Washington D.C. 20044-0146
                    Tel: (202) 616-4138
                    claudia.gangi@usdoj.gov

Dated:  May 22, 2020